UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHEILA G.,

                        Plaintiff,

v.
                                                              20-CV-1393

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 15. Sheila G. ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 11, 13. For the following reasons, Plaintiff's motion (Dkt. No. 11) is denied, and the Commissioner's motion (Dkt. No. 13) is granted.

## BACKGROUND

On February 9, 2018, Plaintiff filed for Social Security Income ("SSI") alleging that she became disabled on March 14, 2013, by rheumatoid arthritis, trouble walking, herniated discs, carpal tunnel, venous veins, thyroid issues, diabetes, and high

blood pressure. Tr. at 84-85.[1]  Plaintiff's claim was denied at the initial level, and she requested review. Tr. at 110. Administrative Law Judge Timothy Belford ("the ALJ") conducted a hearing on April 20, 2019. Tr. at 23-47. Plaintiff, who was represented by counsel, testified as did a vocational expert. Tr. at 23-47. On November 20, 2019, the ALJ issued a decision in which he found that Plaintiff was not under a disability as defined by the Act since February 9, 2018, the date the application was filed. Tr. at 7-18. The Appeals Council denied Plaintiff's request for review making the ALJ's decision final. Tr. at 1-6. This action followed. Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

A person making a claim for Social Security benefits bears the ultimate burden of proving disability throughout the period for which benefits are sought. *See* 20 C.F.R. § 416.912(a); *Schauer v. Schweiker*, 675 F.2d 55, 59 (2d Cir. 1982). The claimant is disabled only if she shows that she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or can be expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.909; *see Barnhart v. Walton*, 535 U.S. 212, 216-22 (2002).

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 10.

A disabling physical or mental impairment is an impairment that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Congress places the burden upon the claimant to establish disability by "furnish[ing] such medical and other evidence of the existence [of a disability] as the Commissioner . . . may require." 42 U.S.C. § 1382c(a)(3)(H)(i). The function of deciding whether a person is under a disability within the meaning of the Act belongs to the Commissioner. 20 C.F.R. § 416.927(e)(1); *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997).

In keeping with this function, the Commissioner has established a five-step sequential evaluation for adjudicating disability claims, which is set forth at 20 C.F.R. § 416.920. The claimant has the burden at the first four steps. The Commissioner has the burden at the fifth step of demonstrating that the claimant can perform other work existing in significant numbers in the national economy; but the burden of proving disability is always on the claimant. *See* 20 C.F.R. § 416.920; *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (stating that "[t]he claimant bears the ultimate burden of proving [disability] throughout the period for which benefits are sought") (citation omitted).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

3

rehearing." 42 U.S.C. § 405(g). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003).

Substantial evidence is "more than a mere scintilla." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (emphasis added and citation omitted). The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard. *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the plaintiff's position. *See Perez v. Chater*, 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## **DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process. *Lynch v. Astrue*, No. 07-CV-249-JTC, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 9, 2018, her application date.  Tr. at 12.  The ALJ concluded at step two that Plaintiff suffered from the severe impairments of chronic low back pain and obesity.  Tr. at 12.  At step three, he concluded that Plaintiff did not have an impairment or combination of impairments which met or equaled the Listings.  Tr. at 14.

The ALJ found that Plaintiff retained the RFC to perform light work as defined by 20 C.F.R. 416.967(b) except occasional balancing, stooping, kneeling, crouching, crawling or climbing of ramps, stairs or ladders.  Tr. at 14.  Relying on the VE's testimony, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the jobs of merchandise marker, inspector and hand packager, and office helper.  Tr. at 18.  Accordingly, the ALJ determined that Plaintiff had not been under a disability since February 9, 2018, the date the application was filed.  Tr. at 18.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings.  Dkt. Nos. 11, 13.  Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's limited education and intellectual aptitude in determining her RFC and erred in

5

concluding that Plaintiff's chronic knee was not a severe impairment. For the following reasons, this Court finds that remand is not warranted.

**Plaintiff's Education**

"Your [RFC] is the most you can still do despite your limitations." 20 C.F.R. § 416.945(a). RFC "is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." Social Security Ruling 96-8p, 1996 WL 374184, at *2. "This assessment of RFC is used at step 4 of the sequential evaluation process to determine whether an individual is able to do past relevant work, and at step 5 to determine whether an individual is able to do other work, considering his or her age, education, and work experience." *Id.* (emphasis supplied).

Plaintiff argues that "the ALJ failed to properly evaluate the impact that Plaintiff's limited special education and aptitude would have on her RFC, resulting in an RFC determination that failed to account for all of her limitations." Dkt. No. 11-1, p. 9. In support of her argument, Plaintiff analogizes her case with the following two examples from Social Security Ruling 85-15:

> Example 2: Someone who is of advanced age, has a limited education, has no relevant work experience, and has more than a non severe mental impairment will generally be found disabled.

> Example 3: [A finding of disabled would be appropriate for s]omeone who is closely approaching retirement age, has a limited education or less, worked for 30 years in a cafeteria doing an unskilled job as a "server," almost constantly dealing with the public, and now cannot, because of a severe mental impairment, frequently deal with the public.

1985 WL 56857, at *5 (S.S.A. Jan. 1, 1985).

Neither of these examples compels a finding that Plaintiff is disabled, however. The record shows that Plaintiff was 50 years old on the date of her February 9, 2018, application and 51 as of the November 20, 2019, ALJ decision. Therefore, Plaintiff was not of advanced age (age 55 and over) nor was she closely approaching retirement age (age 60 and over) according to the Medical-Vocational Guidelines during the relevant time period. *See* 20 C.F.R. Part 404, Subpart P, App. 2, §§ 201.00 (d) ("advanced age (55 and over)"), 202.00 (f) ("closely approaching retirement age (age 60 or older)").[2]

It bears noting here that Plaintiff has never alleged disability due to a learning disability or mental impairment, a fact which she explicitly acknowledges. Dkt. No. 11-1, p. 11. Plaintiff was represented before the agency by counsel from the same firm that represents her before this Court. Tr. at 10 ("The claimant appointed Kenneth Hiller, Jeanne Murray and Zachary Zabawa, all attorneys, as representatives. Representative Zabawa appeared with and on behalf of the claimant at the hearing."). Neither Plaintiff nor her counsel raised the issue of disabling mental impairment during the hearing. In fact, Plaintiff testified that she dropped out of school in the ninth grade

---

[2] Further, even if Plaintiff fit the age requirements, the examples cited by Plaintiff only apply when "there is no exertional impairment." Titles II & XVI: Capability to Do Other Work-The medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments, SSR 85-15 (S.S.A. 1985). Plaintiff's RFC limited her to light work with additional restrictions. Tr. at 14. Therefore, Plaintiff's reliance on Social Security Ruling 85-15 to overturn her disability decision is misplaced.

because she "just didn't like [it,]" not because she was unable to perform.  Tr. at 39.  She also testified that although she needed help completing her disability form, she could "probably" read "some of" a newspaper article.  Tr. at 40.  Elsewhere in the record, Plaintiff indicated that she could "read and understand English" and write more than her name in English, that she read on a daily basis as a hobby, and that she could follow spoken and written instructions.  Tr. at 182, 203, 208.  The record also reflects that Plaintiff was able to follow medical instructions.  Tr. at 324 ("Pt states she has been icing using the instructions to make a homemade ice kit that helped.").

All of the jobs identified by the vocational expert were SVP 2, in other words, unskilled jobs.  Tr. at 43-44.  Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time . . . ."  20 C.F.R. § 416.968(a); Social Security Ruling 00-4p, 2000 WL 1898704, at *2.  Plaintiff's argument that her intellectual deficits precluded her from performing this type of work is belied by the record, including Plaintiff's own testimony.

**Plaintiff's Knee Pain**

Plaintiff argues that the ALJ erred by not finding her chronic knee pain a severe impairment at step 2 and by not including restrictions in her RFC to accommodate it.  Having reviewed the record in its entirety, this Court finds that the ALJ properly considered Plaintiff's knee pain (including her related condition of rheumatoid arthritis) at step 2 and beyond.  At step 2, the ALJ explicitly stated:

> In terms of alleged rheumatoid arthritis, I find the condition non-medically determinable (Ex. B2E/2, B2F). Longitudinal progress records of primary care provider Ellis Gomez, MD reflect no workup for the alleged condition and the consultative examiner, Trevor Litchmore, MD relied upon the

8

> subjective allegations of the claimant in support of the diagnosis (Ex. B1F, B6F, and B2E/3). I am aware that Dr. Litchmore found decreased lumbar range of motion, deceased range of motion of the knees bilaterally and knee crepitus bilaterally. However, there is no indication that such findings are because of rheumatoid arthritis. Moreover, back findings, as detailed below, are addressed in the residual functional capacity assessment but the knee findings were isolated to the consultative examination and not reflected in the over two years of primary care records from Dr. Gomez (Ex. B1F, B6F). Additionally, although the record documents a prescription from Dr. Gomez for use of a cane, the prescription is from April 2015 and evidence detailed in the current record below, including consultative examination, shows no documented issues with gait and no documented use of an assistive device for ambulation (Ex. B13E, B1F, B2F, B6F).

Tr. at 13. The ALJ acknowledged that State agency medical consultant D. Brauer, MD noted that Plaintiff suffered from obesity, back pain, and knee pain. However, the ALJ concluded that Plaintiff's knee pain was not sufficiently documented in the record to support a chronic limitation. Tr. at 13. These are persuasive reasons for concluding that Plaintiff's knee pain was not severe.

Even if the ALJ erred in finding Plaintiff's knee pain not severe at step 2, this was no more than a harmless error. The Second Circuit Court of Appeals has explicitly held that any step 2 error is cured where, as here, the ALJ found other severe impairments and proceeded beyond step 2. *See Reices-Colon v. Astrue*, No. 12-3013, 2013 WL 1831669, at *1 (2d Cir. 2013) (summary order); *Stanton v. Astrue*, 370 Fed App'x 231, 233 n.1 (2d Cir. 2010). Moreover, as the VE explicitly testified, the jobs of merchandise marker and inspector and hand packager could be performed by an individual who required the use of a cane for ambulation. Tr. at 45; *see also* Tr. at 14 ("At the hearing, the claimant testified that she uses a prescribed cane for ambulation because of bilateral knee pain but more specifically, right knee pain. She stated that her right knee would give out on her and would limit standing and walking."). In this

regard, the record supports the ALJ's finding that Plaintiff was capable of performing at least two jobs which exist in significant numbers in the national economy. Under the circumstances, the ALJ's conclusion that Plaintiff was not disabled was rational and properly supported.

Plaintiff clearly disagrees with the ALJ's evaluation of the evidence. However, the substantial evidence standard is so deferential that "there could be two contrary rulings on the same record and both may be affirmed as supported by substantial evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 127 (2d Cir. 2012). That is, "once an ALJ finds the facts, [a reviewing court] can reject those facts only if a reasonable factfinder **would have to conclude otherwise**." *Brault*, 683 F.3d at 448 (emphasis added). This case does not present such a situation. For all of the foregoing reasons, this Court finds that the ALJ's decision is free from legal error and is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED, and the Commissioner's motion for

judgment on the pleadings (Dkt. No. 13) is GRANTED.  The Clerk of the Court is directed to close this case.

        **SO ORDERED.**

DATED:    Buffalo, New York
              May 26, 2022

                      *s/ H. Kenneth Schroeder, Jr.*
                      **H. KENNETH SCHROEDER, JR.**
                      **United States Magistrate Judge**